No. 666            September 18, 2024            163

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NIAZ MOHAMMED KHOSHNAW,
*Petitioner-Appellant,*

*v.*

Susan WASHBURN,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV05794; A178454

J. Burdette Pratt, Senior Judge.

Argued and submitted May 8, 2024.

Margaret Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

MOONEY, J.

Petitioner appeals a judgment denying his amended petition for post-conviction relief (PCR). The PCR court found that petitioner's counsel in the underlying criminal case provided defendant with inadequate assistance in two of the ways alleged, but that petitioner did not prove that he was prejudiced by that inadequate assistance of counsel, and, consequently, it denied his petition for relief. We affirm.

We review PCR proceedings for legal error, accepting the court's factual findings, whether express or implied, so long as there is evidence in the record to support those findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing ineffective assistance of counsel claims are "functionally equivalent").

Petitioner was convicted of murder and witness tampering following a jury trial at which petitioner admitted that he shot the victim but claimed to have done so in self-defense. The question for the jury was not whether petitioner had shot the victim, but whether he had done so in self-defense. Following several hours of deliberation, the jury returned unanimous guilty verdicts. Petitioner filed a direct appeal, and we affirmed the judgment of conviction in *State v. Khoshnaw*, 286 Or App 246, 399 P3d 1083, *rev den*, 362 Or 208 (2017).

Petitioner then sought post-conviction relief. The PCR court concluded that petitioner's criminal defense attorney provided inadequate assistance of counsel to him in two ways: (1) she did not move to suppress uncounseled statements that petitioner made to a jailhouse informant, and (2) she did not effectuate a pretrial admission that petitioner "was the shooter." The PCR court nevertheless denied petitioner relief because he did not prove prejudice.

To establish prejudice under the Sixth Amendment, petitioner must have demonstrated a reasonable probability that in the absence of counsel's alleged inadequacy there would have been a different result. *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). Under Article I, section 11, of the Oregon Constitution, petitioner must have established that the same alleged inadequacy "had a tendency to affect the result of the prosecution." *Green*, 357 Or at 321 (internal quotation marks omitted).

We cannot say on this record that the PCR court erred in concluding that petitioner was not prejudiced by the lack of a pretrial admission or by the admission into evidence of testimony about an unrelated gas station shoot-up when no humans were present. The issue for the jury to decide was narrow: did petitioner shoot the victim deliberately in a premeditated and unexpected attack, or did he do so in self-defense because the victim was attacking him? The record includes more than sufficient eyewitness testimony, physical evidence from the murder scene, and evidence of petitioner's incriminating conduct and statements to allow the jury to find that defendant deliberately shot the victim and that he did not do so to defend himself against an attack by the victim. Neither a pretrial admission that defendant shot the victim nor the exclusion of evidence that he had previously shot into the side of an unoccupied gas station would have resulted in a different outcome because the direct evidence of the charged crimes against defendant was overwhelming.

Affirmed.